**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jim Lee SHEPHERD, Defendant–
Appellant.**

**No. 11–50308.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 19, 2012.*

Filed Jan. 2, 2013.

Curtis A. Kin, Esquire, Assistant U.S., Melanie Ann Sartoris, Esquire, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Holly A. Sullivan, Law Office of Holly A. Sullivan, San Diego, CA, for Defendant–Appellant.

Jim Lee Shepherd, pro se.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM **

Jim Lee Shepherd appeals from the district court's judgment and challenges his guilty-plea conviction and five-year probation sentence for theft of government property, in violation of 18 U.S.C. § 641. Pursuant to *Anders v. California*, 386 U.S.

738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Shepherd's counsel has filed a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record. We have provided Shepherd the opportunity to file a pro se supplemental brief. No pro se supplemental brief or answering brief has been filed.

Shepherd waived his right to appeal his conviction, with the exception of an appeal based on a claim that his plea was involuntary. He also waived the right to appeal many aspects of his sentence. Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), discloses no arguable grounds for relief as to Shepherd's plea or the aspects of the sentence not covered by the appeal waiver. We therefore affirm as to those issues. We dismiss the remainder of the appeal in light of the valid appeal waiver. *See United States v. Watson*, 582 F.3d 974, 988 (9th Cir.2009).

Counsel's motion to withdraw is **GRANTED**.

**AFFIRMED in part; DISMISSED in part.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.